# EXHIBIT"3"

L9ENFOXC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

FOXMIND CANADA ENTERPRISES,
LTD.,

                    Plaintiff,

          v.                          21 Civ. 5146 (KPF)

ACBERY, *et al.*,

                    Defendants.
                                      Telephone Conference
------------------------------x
                                      New York, N.Y.
                                      September 14, 2021
                                      2:00 p.m.

Before:

                    HON. KATHERINE POLK FAILLA,

                                      District Judge

                         APPEARANCES

EPSTEIN DRANGEL  LLP
     Attorneys for Plaintiff
BY:  DANIELLE FUTTERMAN

DIAZ REUS & TARG, LLP
     Attorneys for Defendants
BY:  AHMAND JOHNSON
     ZHEN PAN

1    listed that is accurate, that is in fact factually accurate.

2    Given that, and given the fact, for example, that they don't

3    know which of your 20 clients at the start of this litigation

4    had verified addresses and who did not, why couldn't they be

5    concerned, why couldn't they rely on their past experiences of

6    having addresses that were ultimately false or inaccurate?

7              MR. PAN:  Your Honor, you know, we cannot just assume

8    something, like a party cannot assume something is false just

9    based on the past conduct.  The rules of evidence don't allow

10   that, and there's no precedent to show just because someone

11   else had the wrong address means someone's address listed on

12   the website is false.

13             Amazon has been starting verifying merchants' address

14   back in last year to combat, you know, the counterfeit and the

15   other infringing, you know, to punish those merchants who list

16   a false address.  Our clients, the 34 defendants listed their

17   true and correct address on the website.  And the plaintiff, I

18   mean, those addresses are known to plaintiff, to the general

19   public.

20             So, under the law, the Hague Convention, when the

21   address is available, is known to the plaintiff, service

22   according to the Hague is mandatory.  In order to seek

23   alternative service, plaintiff has to first attempt service

24   under Hague before seeking alternative service.  And the

25   plaintiff's ex parte motion for alternative service, plaintiff

1    misrepresented, actually saying that none of the defendants

2    disclosed their mailing address.  This is not accurate.  Not

3    only did they disclose, but the addresses they disclosed are

4    true and correct.  The plaintiff has, in order to serve

5    international defendants who reside in a Hague Convention

6    state, plaintiff has to serve pursuant to the Hague, at least

7    first attempt to serve under the Hague.  And when that became

8    unsuccessful, they may seek for alternative service.  But the

9    plaintiff didn't serve under Hague in the first place.

10            THE COURT:  Okay.  Thank you.

11            Let me please speak with Ms. Futterman.  Then I will

12   return to you.

13            Ms. Futterman, I myself have not tried to, and perhaps

14   you have, tried to see whether the addresses for these

15   defendants are listed on Amazon.  May I hear from you as to how

16   I can be comfortable with you proceeding with the default

17   proposition that the address is not going to be valid?

18            MS. FUTTERMAN:  Absolutely, your Honor.

19            So I just did a quick test in preparation for the

20   hearing today and I chose to look at defendant ABC TEC's

21   storefront.  There is an address listed there.  The defendants'

22   attorney is representing that their clients are all located in

23   China, and this particular defendant has a business address

24   located at 8063 Madison Avenue Indianapolis, Indiana.  I

25   Googled that address to see if it was associated with this

1    defendant's name, and I found that that address happens to be a

2    FedEx shipment center in Indiana.

3              So this is just one example, but, again, in our

4    experience these defendants put down false addresses all the

5    time.  I, too, am unfamiliar with Amazon's verification

6    process, but there is absolutely nothing on any of these

7    merchants' storefronts indicating, such as your Honor said,

8    some sort of verification was done and the address was found to

9    be true and correct and also associated with that particular

10   defendant.  So, while this may be a very real address and there

11   is someone at this FedEx office, this address I am going to

12   assume has nothing to do with this defendant because it's in

13   Indianapolis and not in China.

14             On top of that, the issue then becomes, we had a

15   temporary restraining order entered in this action, which is

16   good for 14 days, and subsequently a PI order was entered.  But

17   service through the Hague Convention based on my latest

18   research can take eight months, and now, with COVID, up to a

19   year to actually effectuate.  So if we went ahead and served

20   these temporary restraining orders on Amazon, these defendants

21   would have their accounts frozen and would have no idea why

22   their accounts are frozen because they wouldn't have received

23   the papers for months and months later.

24             So it's our argument, as the Court is aware in our

25   application, that the best way to reasonably apprise these