# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

FOXMIND CANADA ENTERPRISES LTD.,

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

ABCTEC, et al.,

(List the full name(s) of the defendant(s)/respondent(s).)

**MEMO ENDORSED**

_21_ CV _5146_ ( KPF ) (_____)

Application for the Court to Request Pro Bono Counsel

I ask the Court to request a *pro bono* attorney to represent me in this action. In support of my application, I declare under penalty of perjury that the following information is true and correct:

1. Have you previously filed a "Request to Proceed in Forma Pauperis" (an IFP application)? Please check the appropriate box below:

   ☐ I have previously filed an IFP application in this case, and it is a true and correct representation of my current financial status.

   ☑ I have not previously filed an IFP application in this case and now attach an original IFP application showing my financial status.

   ☐ I have previously filed an IFP application in this case, but my financial status has changed. I have attached a new IFP application showing my current financial status.

2. Explain why you need an attorney in this case. (Please note that requests for pro *bono* counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case.) If you asked for an attorney earlier in this case, please also explain what has changed since you last asked for an attorney.

I am a Chinese citizen who opened an online store on Amazon and got involved in a trademark infringement lawsuit. At the beginning, when my savings were still sufficient, I hired an attorney to represent me, which cost me a lot of money. Now I am in debt and can no longer afford attorney fees. Secondly, I once applied to represent myself in court, but was rejected. The judge believed that Acbery was a corporate entity and required me to hire a lawyer. I insist that I have not infringed Plaintiff's trademark rights, so I had to apply for a pro bono counsel to continue the lawsuit.

Rev. 3/27/14

3. Explain what steps you have taken to find an attorney and with what results. (Please identify the lawyers, law firms or legal clinics you have contacted and their responses to your requests. If you have limited access to the telephone, mail, or other communication methods, or if you otherwise have had difficulty contacting attorneys, please explain.)

When I learned that I was sued, I googled a lot of related questions and law firms. Through the contact information on the website, I contacted 3 law firms by email, and finally only got an answer from one of them. However, as I couldn't continue to pay the attorney's fee, the original attorney has withdrawn from the representation. Now, I urgently need a new attorney to help me continue the lawsuit and uphold justice!

4. If you need an attorney who speaks a language other than English, state what language(s) you speak:   Mandarin. If in English, only through translation tools.   .

5. I understand that if an attorney volunteers to represent me and that attorney learns that I can afford to pay for an attorney, the attorney may give this information to the Court.

6. I understand that even if the Court grants this application, I will receive *pro bono* counsel only if an attorney volunteers to take my case and that there is no guarantee that an attorney will volunteer to represent me.

7. I understand that if my answers on this application or in my IFP application are false, my case may be dismissed.

| December 14, 2022 | *Wenjuan Xie* |
|---|---|
| Date | Signature |
| Wenjuan Xie | |
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |
| Room 901, Building 30, Baoxiu Community, Donghai Street     Quanzhou     Fujian Province     362000 | |
| Address                                             City                    State              Zip Code | |
| +86 18960071077 | xiehuangbao2020@163.com |
| Telephone Number | E-mail Address (if available) |

The Court is in receipt of the above application for pro bono counsel for Defendant Acbery (Dkt. #170), as well as an application to proceed *in forma pauperis* ("IFP") (Dkt. #169). As the Court has repeatedly noted, Acbery, which is a corporate entity, may not proceed in this case *pro se*. Acbery was originally represented in this case by Zhen Pan, of Diaz, Reus & Targ LLP. On October 12 2022, Mr. Pan submitted a motion to withdraw as counsel for Acbery, citing irreconcilable differences. (Dkt. #140-141). Specifically, Mr. Pan noted that Acbery "instructed [him] to withdraw." (Dkt. #141). The Court permitted Mr. Pan to withdraw as counsel for Acbery, and instructed Acbery to retain new counsel and respond to the Complaint by November 14, 2022. (Dkt. #150).

The Complaint in this case was publicly filed on July 7, 2021. (Dkt. #9). Since that time, the Court has entered a preliminary injunction against Defendants, including Acbery (Dkt. #7), and has repeatedly granted Defendants extensions of time to respond to the Complaint (*see, e.g.*, Dkt. #26, #150). Further, the Court resolved Moving Defendants' motion to dismiss the Complaint, brought by Acbery among others, and granted the motion to dismiss only as to Defendant Anzir. (Dkt. #123). Following the Court's decision on the motion to dismiss, Acbery was to answer the Complaint by July 28, 2022. (*Id.*). Since that time, the Court has granted repeated extensions of time for Defendants to file an answer to the Complaint. (*See, e.g.*, Dkt. #132).

Mr. Pan's withdrawal as Acbery's attorney has already delayed proceedings in this case. (*See* Dkt. #125 (directing Plaintiff to move for default judgment against defaulting Defendants by October 14, 2022); #150 (permitting Acbery until November 14, 2022, to answer the Complaint and retain counsel); #152 (striking Plaintiff's certificate of default as to certain Defendants, including Acbery, because the Court afforded Defendants more time to answer the Complaint)). Rather than retain new counsel and answer the Complaint, Acbery appeared *pro se* in this case on November 14, 2022 (Dkt. #153), and submitted a letter contesting issues this Court already resolved associated with the preliminary injunction and motion to dismiss (Dkt. #155). The Court rejected Acbery's contentions, and again noted that Acbery was in default for failing to retain new counsel and for failing to respond to the Complaint. (Dkt. #156).

It would be highly unusual for the Court to appoint *pro bono* counsel for a corporate defendant like Acbery, and Acbery has not made any showing that its arguments, which this Court previously rejected, are likely to be of substance. *See Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). Accordingly, the Court **DENIES** Acbery's request for appointment of *pro bono* counsel. (Dkt. #170). Likewise, because Acbery cannot proceed *pro se* in this case, the Court **DENIES** its application to proceed IFP. The Court will not consider further letters from Acbery filed *pro se*.

The Clerk of Court is directed to terminate the pending motion at docket entry 170.

Dated: December 15, 2022
      New York, New York

SO ORDERED.

*Katherine Polk Failla*
HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE