Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:        (212) 292-5391
*Attorneys for Plaintiff*
*FoxMind Canada Enterprises Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOXMIND CANADA ENTERPRISES LTD., <br><br> *Plaintiff* <br><br> v. <br><br> ABCTEC, ACBERY, A-EXPLORERSXXX, ALMA WOLF, AMZUSA, ANANBROS DIRECT US, ANDONE, ANZIR, BDECO, BEIJIANG-ZS, BEIX, BIGBUN, BON-CHOSE, BOX OF GANG, CALLENBACH, CAOTOP, CEEZON, CHANGJIUYILIAO, CINDBEST, CONQLOAD, CYNDAQUIL DIRECT, DABOMG, DFER-CDSE, DISSKOU, DOLPHIN TECH US, DYNON, EBETH DIRECT, ENDLESS-US, ENJOYGOODPRODUCT, FALSE AUTISM, FEAYEA-FAMILY, FITLI DIRECT, GUO XIAO YAN, HIUNICORN-US, HOLLOSPORT, HONGPU-AA, HUILONGZHANG666, JARCOLD, JIAYUE, JOHNSON'S HOME, KONGJIANDIANZISHANGWU, KULALA US, LANGLUN, LASMEX USA, LEARNING EXPRESS CRESTVIEW HILLS, LIUPENG0, LOVE LIFE LOVE SPORTS, LXLY US, MEIJIE, MOLII'S HOUSE, MOODSSD, MORIART, MUNASH PRO, NETKENS-US, NEWPEPPR, NOII®, ONIISEE STORE, ORIENTAL PEARL STORE, ORRHOMI, OVERKET, PRIAMAA, RC CLIMBER, RICH-TING, RUN DUCK, SEPVIC, SGVV1990, SHARLOVY-US DIRECT, SHENGAN-US, SONGGUODONG, SUNAY, SWEAT2020, | **CIVIL ACTION No.** <br> **21 Civ. 5146 (KPF)** <br><br> **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

TANGYOUXIU, THEO US, ULOVE BEST, UNY_LLC, WARM SUNS, WEHAND TOYS, WELLPRICED-US, WITH AMAZING, WONTECH, XIBAOPENG, YALAIDIR, YCL-US, YHZT-NEW, YOPEN, YUNTAO STORE, YX DIRECT, ZHANGYAOWU, ZHENGBAOMAOYI, ZHONGSI-US and ZORARA,

*Defendants*

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or FoxMind** | FoxMind Canada Enterprises Ltd. | N/A |
| **Defendants** | Abctec, Acbery, A-explorersXXX, Alma Wolf, amzUSA, AnanBros Direct US, Andone, ANZIR, BDeco, Beijiang-zs, beix, BIGBUN, Bon-Chose, Box of gang, Callenbach, Caotop, Ceezon, changjiuyiliao, Cindbest, CONQLOAD, Cyndaquil Direct, DABOMG, DFER-CDSE, DISSKOU, Dolphin Tech US, DYNON, Ebeth Direct, Endless-us, Enjoygoodproduct, False Autism, Feayea-family, FITLI Direct, GUO XIAO YAN, HiUnicorn-US, Hollosport, hongpu-aa, HuiLongZhang666, JARCOLD, Jiayue, Johnson's Home, kongjiandianzishangwu, Kulala US, langlun, LASMEX USA, Learning express CRESTVIEW HILLS, liupeng0, Love Life Love Sports, LXLY US, MEIJIE, MOLii's house, MOODSSD, Moriart, MUNASH PRO, NETKENS-US, newpeppr, Noii®, Oniisee Store, Oriental Pearl Store, orrhomi, Overket, Priamaa, rc climber, Rich-Ting, Run Duck, sepvic, SGVV1990, SHARLOVY-US Direct, SHENGAN-US, songguodong, SUNAY, SWEAT2020, TANGYOUXIU, THEO US, Ulove Best, UNY_LLC, Warm suns, WeHand Toys, WellPriced-US, With Amazing, WONTech, Xibaopeng, Yalaidir, YCL-US, YHZT-NEW, YoPen, yuntao store, YX Direct, Zhangyaowu, zhengbaomaoyi, ZHONGSI-US and Zorara | N/A |
| **Defaulting Defendants** | Abctec, Acbery, Alma Wolf, amzUSA, AnanBros Direct US, Andone, BDeco, Beijiang-zs, beix, BIGBUN, Callenbach, Caotop, Ceezon, changjiuyiliao, CONQLOAD, Cyndaquil Direct, DABOMG, DFER-CDSE, DISSKOU, DYNON, Ebeth Direct, Endless-us, Enjoygoodproduct, False Autism, GUO XIAO YAN, hongpu-aa, HuiLongZhang666, JARCOLD, Jiayue, Johnson's Home, kongjiandianzishangwu, langlun, Learning express CRESTVIEW HILLS, liupeng0, Love Life Love Sports, MEIJIE, MOLii's house, NETKENS-US, newpeppr, Noii®, Oniisee Store, Oriental Pearl Store, Overket, Priamaa, rc climber, Run Duck, sepvic, SGVV1990, SHARLOVY-US Direct, SHENGAN-US, songguodong, SWEAT2020, TANGYOUXIU, THEO US, Ulove Best, UNY_LLC, Warm suns, WeHand | N/A |

i

|  | Toys, WONTech, Xibaopeng, Yalaidir, YCL-US, YHZT-NEW, YoPen, YX Direct, Zhangyaowu, ZHONGSI-US and Zorara |  |
|---|---|---|
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on June 8, 2021 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on June 10, 2021 | Dkt. 9 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on June 10, 2021 | Dkts. 16-17 |
| **Capon Dec.** | Declaration of David Capon in Support of Plaintiff's Application | N/A |
| **Yamali Dec.** | Declaration of Danielle S. Yamali in Support of Plaintiff's Application | Dkt. 17 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on June 10, 2021 | N/A |
| **PI Show Cause Hearing** | July 8, 2021 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | July 9, 2021 Preliminary Injunction Order | Dkt. 7 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |

| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
|---|---|---|
| **Pop It Mark** | U.S. Trademark Registration No. 6,183,005 for "POP IT!" for goods in Class 28 | N/A |
| **Pop It Products** | A soothing tactile toy and smart bubble popping game designed to stimulate children's senses and develop logic and reasoning skills | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Pop It Mark, and/or products in packaging and/or containing labels bearing the Pop It Mark, and/or bearing or used in connection with marks that are confusingly similar to the Pop It Mark and/or products that are identical or confusingly similar to the Pop It Mark | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are | N/A |

| | hereinafter identified as a result of any order entered in this action, or otherwise | |
|---|---|---|
| **Defendants' Frozen Accounts** | Defendants' Financial Accounts that were and/or are attached and frozen or restrained by the Financial Institutions pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this action | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on December 5, 2022 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defendants' unauthorized use of Plaintiff's Pop It Mark without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defendant, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.    Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendants in the Complaint;

## II.    Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff are awarded Fifty Thousand Dollars ($50,000.000) in statutory

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

damages against each of the Sixty-Eight (68) Defaulting Defendants ("Defaulting Defendants' Individual Damages Award") pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, for a total of Three Million Four Hundred Thousand Dollars ($3,400,000.00) plus post-judgment interest;

### III.    Permanent Injunction

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Pop It Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Pop It Mark;

   B. directly or indirectly infringing in any manner Plaintiff's Pop It Mark;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Pop It Mark to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's Pop It Mark, or any other marks that are confusingly similar to the Pop It Mark on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

   E. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

      i. Defendants' User Accounts and/or Merchant Storefronts;

     ii. Defendants' Assets; and

    iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

  F. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff' trademarks or other rights including, without limitation, the Pop It Mark, or bear any marks that are confusingly similar to the Pop It Mark pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

  A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts until further ordered by this Court;

    B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts;

    C. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) below.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

    A. providing services to Defaulting Defendants and Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

    B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) above.

### IV.  Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### V.  Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2) Any failure by Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Fifteen Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 27th day of January, 2023.

_____
HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE